cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS, | ) Civil No. 07cv0213 BEN (AJB) |
| Plaintiff, | ) |
| v. | ) Order Granting Motion to Compel |
| | ) [Doc. No. 42] |
| TUESDAY MORNING, INC., dba | ) |
| TUESDAY MORNING #740, et al., | ) |
| Defendants. | ) |

Presently before the Court is Plaintiff's motion to compel Defendants' response to Plaintiff's Request for Production of Documents, Set Two, Request No. 17 which seeks a site inspection of the Dollar Tree located at 1838 Marron Road, Carlsbad, California, and more specifically the restrooms at this site. Defendants' have objected to Plaintiff's request because the restrooms are not open to the public and therefore, not a place of public accommodation. Defendants have filed an Opposition and Plaintiff has filed a Reply. The hearing set for 1:30 p.m. on August 17, 2007 before Judge Battaglia, is hereby vacated, as the Court finds this motion appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons set forth herein, Plaintiff's motion is hereby GRANTED.

### *Background*

On October 31, 2006, Plaintiff[1] visited the Dollar Tree Store #2521, located at 1838 Marron Road, Carlsbad, California 92008, which was opened in 2002 or 2003, and is the subject of this lawsuit.

---

[1] Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act (ADA) and appropriate California statutes.

Plaintiff alleges in her complaint that during her visit, she encountered a number of architectural barriers, including those located in the women's restroom. Subsequent to this visit, Plaintiff's attorney visited the Dollar Tree store and confirmed the existence of architectural barriers. Prior to filing the complaint, On January 8, 2007, Plaintiff's counsel retained Linda Adams to informally inspect the premises and women's restroom and prepare a written report.

On February 1, 2007, Plaintiff filed a complaint seeking injunction under Title III of the ADA, Part 5.5 of California Health & Safety Code, and California Civil Code § 55, alleging that the Plaintiff had visited the store in question, encountered architectural barriers that affected her ability to enjoy the premises, and deterred her from returning to the store in the future.

In April of 2007, the restroom(s) in question were closed to the public by the Defendants due to security concerns. Defendants closed the restrooms by locking the restrooms and by closing a hallway that leads to the restroom area by placing both a sign and a rope chain at the entrance to the hallway.

On June 11, 2007, Plaintiff noticed a Rule 34 site inspection to inspect the store as well as the women's restroom. On July 9, 2007, Defendants' objected to the Rule 34 site inspection on the grounds that the restrooms were no longer open to the public and, as a result, the Plaintiff no longer had standing to challenge the lack of accessibility under the ADA or state law.

### *Discussion*

As a preliminary matter, the Court notes that both parties make arguments and raise issues in their moving papers that are well outside the purviews of this motion to compel. The Court will not address these issues and arguments, because they are not relevant to the motion to compel.

The issue currently before the Court is whether Plaintiff is entitled to conduct a Rule 34 inspection of the restrooms of Defendants' store, which currently are not open to the public. While Defendants' do not object to Plaintiff's reasonable site inspection of the area's of Defendants' store which are currently open to the public, Defendants' do object to Plaintiff's request to inspect the restrooms that have not been open to the public since April of 2007. Defendants' contend that Plaintiff's request to inspect the restroom areas that are no longer open to the public is overly broad and "will not support Plaintiff's claims." *See* Def. Opp. at 2. Additionally, the Defendants' argue that a further inspection of restroom area is unnecessary, because the Plaintiff hired Ms. Adams on January 8, 2007, to

1  conduct an informal inspection of both the store and the restroom area and prepare a report, and
2  therefore already has the evidence needed to support the claims set forth in the complaint. The
3  Defendants' contend that the Plaintiff is not entitled to inspect an area that is not open to the public.
4      Alternatively, Plaintiff contends that the restrooms were not in fact closed to the public, because
5  in May of 2006, Plaintiff and her counsel were not denied access to the restrooms. This contention
6  obviously has no bearing on whether the restrooms were closed to the public beginning in April of 2007.
7      The Court need not address the parties arguments concerning the whether the restroom is closed
8  to the public or the effect of closing the restroom to the public, because the fact is that the parties do not
9  contest that the restroom was open to the public when Plaintiff visited Defendants' store. As such,
10 Plaintiff is entitled to conduct a Rule 34 inspection of the restroom, because it is relevant to the claims
11 set forth in Plaintiff's complaint. Defendants' subsequent decision to close the restroom and Defen-
12 dants' contention that the Plaintiff already has sufficient evidence to support her claims is without merit
13 and does not in any way effect Plaintiff's right to the requested discovery.

### *Conclusion*

15     For the reasons set forth herein, Plaintiff's motion to compel a reasonable Rule 34 site inspection
16 of Defendants' restrooms is hereby GRANTED. The parties shall meet and confer forthwith regarding a
17 mutually agreeable date and time to conduct the inspection.
18     IT IS SO ORDERED.

20 DATED: August 15, 2007

                                      Hon. Anthony J. Battaglia
                                      U.S. Magistrate Judge
                                      United States District Court